UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR WHITEN,<br><br>            Plaintiff,<br><br>      v.<br><br>D. BILLECI, et al.,<br><br>            Defendants. | No.  2:13-cv-1866 CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has consented to this court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Local Rule 302.

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Plaintiff challenges a disciplinary conviction for Introducing/Distribution of a Controlled Substance in violation of California Code of Regulations Title 15 § 3016(c).)  At his January 24, 2013 hearing on this charge at California Correctional Center (CCC), prison officials found him

guilty based on a preponderance of the evidence, including statements by confidential informants indicating that plaintiff had distributed marijuana to inmates housed at Ishi Conservation Camp. As a result of his guilty conviction, plaintiff was assessed 180 days' loss of good-time credit and subject to visiting restrictions, loss of privileges, and mandatory drug testing. (ECF No. 1., Ex. A.)

In the complaint, plaintiff contends that the January 2013 conviction was obtained in violation of his federal due process rights, as no marijuana was found on his person and he was not allowed to confront the inmates who implicated him. Plaintiff further contends that these inmates' statements were made "under duress," as they had tested positive for marijuana and methamphetamine and "had much to gain" by identifying him as the distributor. Plaintiff seeks damages and the restoration of credits pursuant to California Code of Regulations Title 15 § 3327. (ECF. No. 1 at 1-8.)

Plaintiff's due process challenge to the disciplinary hearing is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that to recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise invalidated. Heck v. Humphrey, 512 U.S. at 486–487. In § 1983 suits the court must "consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. The Heck bar preserves the rule that federal challenges, which, if successful, would necessarily imply the invalidity of incarceration or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004). Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); see also Edwards v. Balisok, 520 U.S. 641,

3

644–646 (1997) (holding that claims alleging procedural defects and bias by a hearing officer at disciplinary hearing were not cognizable under Heck, because they implied the invalidity of a credit forfeiture imposed at the hearing).

Here, if plaintiff prevails on his claims and shows a due process violation under Wolff v. McDonnell, 418 U.S. 539 (1974), a judgment in his favor will necessarily imply the invalidity of his credit loss. See Edwards, 520 U.S. at 644, 647. Consequently, plaintiff's § 1983 action cannot proceed unless and until his disciplinary conviction is invalidated as required by Heck and Edwards. This is so even if plaintiff seeks only monetary damages as a result of the alleged due process violation. See Edwards, 520 U.S. at 644 (when challenging a disciplinary proceeding, the applicability of the Heck bar does not depend on whether the plaintiff seeks restoration of the lost credits).

Accordingly, the court will dismiss the complaint and grant plaintiff leave to file an amended complaint showing, if applicable, that the challenged disciplinary conviction has been reversed, expunged, or otherwise invalidated. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

1  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

2       In accordance with the above, IT IS HEREBY ORDERED that:

3       1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

4       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

5  shall be collected and paid in accordance with this court's order to the Director of the California

6  Department of Corrections and Rehabilitation filed concurrently herewith.

7       3.  Plaintiff's complaint is dismissed.

8       4.  Plaintiff is granted thirty days from the date of service of this order to file an amended

9  complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

10 Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number

11 assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and

12 two copies of the amended complaint; failure to file an amended complaint in accordance with

13 this order will result in dismissal of this action.

14 Dated:  November 13, 2013

15 _____
   CAROLYN K. DELANEY

16    UNITED STATES MAGISTRATE JUDGE

20 2 /whit1866.14.new